UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-60831-CV-DIMITROULEAS**

JHONNY RAFAEL RODRIGUEZ GUEVARA,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

                                 /

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Jhonny Rafael Rodriguez Guevara

("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition")

[DE 1], filed March 20, 2026.  Petitioner challenges his detention by U.S. Immigration and

Customs Enforcement and seeks immediate release from custody or an individualized bond

hearing before an immigration judge.  [*Id*. at 6-7].  The Court has screened the Petition in

accordance 28 U.S.C. § 2243.  Because it appears from the Petition that the Petitioner is not entitled

to the relief requested, the Petition is **DISMISSED**.

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a

petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  District courts have the authority to summarily dismiss a § 2241 petition

if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief."  *Morgan*

*v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d

1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be

dismissed if "[i]t appears from the application that the applicant or person detained is not entitled

[to the relief requested.]"). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Here, the Court shall summarily dismiss the Petition. Petitioner, through counsel, previously filed a Petition for Writ of Habeas Corpus and Request for Order to Show Cause challenging his detention by U.S. Immigration and Customs Enforcement. *See* Petition at 1, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Jan. 29, 2026), Dkt. No. 1. Petitioner argued that the application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and sought an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id*. at 19. Having considered the petition, the Court ordered an expedited response from respondents. *See* Order Requiring Expedited Response from Respondents at 1, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Jan. 30, 2026), Dkt. No. 5. After considering the petition and the response, and conducting a hearing on the petition on February 12, 2026, the Court denied the petition— finding Petitioner was subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because he was present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See* Order Denying Petition for Writ of Habeas Corpus at 2, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Feb. 29, 2026), Dkt. No. 10 (citing *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026)).

In the instant Petition, Petitioner again challenges the legality of Petitioner's immigration detention and seeks immediate release or an individualized bond hearing before an immigration judge. [*See* DE 1 at 7]. Petitioner argues that "this [P]etition should not be considered repetitive but rather a new [P]etition based on newly discovered evidence." [*Id*.]. In support, Petitioner alleges a Fourth Amendment unreasonable seizure claim, stating "immigration officers were attempting to confirm Petitioner's identity after the arrest had already occurred. This raises serious

questions regarding whether officers possessed sufficient information to justify the detention at the time of the arrest." [*Id*. at 6].

The Petition must be summarily dismissed because Petitioner is not entitled to the relief he requested. In denying Petitioner's previous petition, this Court held that Petitioner was subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because he was present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See* Order Denying Petition for Writ of Habeas Corpus at 2, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Feb. 29, 2026), Dkt. No. 10 (citing *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026)). To the extent Petitioner alleges a Fourth Amendment violation in the instant Petition, the remedy for such violation is not Petitioner's immediate release from detention or an individualized bond hearing. Even assuming Petitioner's Fourth Amendment rights were violated, "evidence obtained in violation of the Fourth Amendment is ordinarily admissible in civil immigration proceedings." *Batres-Garay v. U.S. Att'y Gen.*, 748 F. App'x 204, 210 (11th Cir. 2018) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984)). Furthermore, evidence used only to prove Petitioner's identity is not subject to the exclusionary rule. *United States v. Cardona-Castillo*, 648 F. App'x 782, 784–85 (11th Cir. 2016) ("The government used Cardona–Castillo's fingerprints and alien file for the sole purpose of establishing his identity. Even if they were obtained as the result of an unlawful search or seizure, the fingerprints and alien file were not due to be suppressed when used only to prove Cardona–Castillo's identity." (citing *United States v. Farias–Gonzalez*, 556 F.3d 1181, 1189 (11th Cir. 2009))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [DE 1] is **DISMISSED**.

2.  The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

3.  The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of March 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Jhonny Rafael Rodriguez Guevara, *Pro Se*
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073


Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov