UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-60831-CV-DIMITROULEAS**

JHONNY RAFAEL RODRIGUEZ GUEVARA,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

_____/

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court on Petitioner Jhonny Rafael Rodriguez Guevara

("Petitioner")'s Emergency Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil

Procedure 59(e), [DE 10]; Motion for Preservation of Evidence and Production of Arrest Records,

[DE 11]; and Motion to Add Next Friend For Purposes of Mail and Access to Courts, [DE 13].

The Court has reviewed the motions, the record, and is otherwise fully advised. For the reasons

that follow, the motions are denied.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See*

*Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). While Rule 59(e) does not set forth any

specific criteria, courts have delineated three major grounds justifying reconsideration: (1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil.*

*Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). A Rule 59(e)

motion cannot be used "to relitigate old matters, raise argument or present evidence that could

have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,*

408 F.3d 757, 763 (11th Cir. 2005). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotations omitted).

Petitioner uses the instant Rule 59(e) motion to reiterate the substantive claim he raised in his Petition—that newly discovered evidence demonstrates unlawful seizure and government action under color of state law. [DE 10 at 4]. As the Court explained, "[t]o the extent Petitioner alleges a Fourth Amendment violation in the instant Petition, the remedy for such violation is not Petitioner's immediate release from detention or an individualized bond hearing.  Even assuming Petitioner's Fourth Amendment rights were violated, 'evidence obtained in violation of the Fourth Amendment is ordinarily admissible in civil immigration proceedings.'" [DE 7 at 3 (citing *Batres-Garay v. U.S. Att'y Gen.*, 748 F. App'x 204, 210 (11th Cir. 2018))].  The Court further explained that "evidence used only to prove Petitioner's identity is not subject to the exclusionary rule." [*Id.* (citing *United States v. Cardona-Castillo*, 648 F. App'x 782, 784–85 (11th Cir. 2016))]. A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*, 408 F.3d at 763. To the extent Petitioner is alleging a First Amendment access to courts claim or retaliation claim, the remedy for such violations is not Petitioner's immediate release from detention or an individualized bond hearing. *See Mehmood v. Castano*, No. 18-22301-CIV, 2018 WL 11249352, (S.D. Fla. July 18, 2018), *aff'd*, 783 F. App'x 934 (11th Cir. 2019) (recognizing a denial-of-access-to-courts claim under 42 U.S.C. § 1983 for civil immigration detainees). Accordingly, Petitioner's Emergency Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 10] is denied.

In Petitioner's Motion for Preservation of Evidence and Production of Arrest Records, Petitioner requests that this Court enjoin the Respondents' to retain electronic evidence such as body camera footage and all other evidence related to Petitioner's arrest, detention, and handling of his personal phone. [DE 11 at 2]. Petitioner takes issue with the verification of Petitioner's identity and an alleged Fourth Amendment violation. [*Id*.]. However, any request for preliminary injunctive relief must be accompanied by a valid and operative complaint. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint." (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097–98 (11th Cir. 2004))); *see also Hencey v. United Airlines, Inc.*, 2021 WL 3634630, at *2 (S.D. Fla. Aug. 17, 2021) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." (quoting *Powell v. Rios*, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007))). Accordingly, Petitioner's Motion for Preservation of Evidence and Production of Arrest Records [DE 11] is denied.

Lastly, 28 U.S.C. § 2242 permits an application for writ of habeas corpus to be filed by someone acting on a Petitioner's behalf, commonly known as a "next friend." *See generally* 28 U.S.C. § 2242. However, the Court does not automatically grant next friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *Sanchez-Velasco v. Sec'y Dep't of Corr.*, 287 F.3d 1015 (11th Cir. 2002). To be entitled to proceed for someone else as "next friend," a person must satisfy the following two requirements:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

3

*Sanchez-Velasco*, 287 F.3d at 1025 (quoting *Whitmore*, 495 U.S. at 163-64) (internal quotation marks omitted). "The burden is on the 'next friend' to clearly establish the propriety of his or her status and thereby justify the court's jurisdiction." *Whitmore*, 495 U.S. at 164 (citations omitted).

To proceed with the instant Petition on Petitioner's behalf, Jessica Nallely Rojas Cuba ("Ms. Cuba") must meet the two requirements cited above. Although Ms. Cuba stated that she is Petitioner's spouse (thereby likely satisfying the second requirement), Ms. Cuba does not adequately disclose an impairment to Petitioner's ability to proceed on his own behalf (the first requirement). Before she may proceed as next friend in this case, Ms. Cuba must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165. Ms. Cuba alleges that Petitioner is unable to litigate his own cause due to "delays in receiving court correspondence." [DE 13 at 2]. But the mere delay in receiving court correspondence is not an unconstitutional impediment to a Petitioner's constitutional right of access to the courts. *See Powell v. Ellis*, No. 3:07CV160/MCR/EMT, 2007 WL 2669432, at *5 (N.D. Fla. Sept. 7, 2007) ("However, while there should be no interference or undue delay in the delivery of inmates' legal mail by prison officials, courts have held that without explicit proof of damages, occasional interference with inmate mail or violations of mail regulations in a prison do not state a claim of denial of access to courts under section 1983."). Nor does it establish that Petitioner is unable to litigate his own case. Accordingly, Ms. Cuba fails to meet the first element of the two-part "next friend" test, and the Motion to Add Next Friend For Purposes of Mail and Access to Courts [DE 13] is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Emergency Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 10] is **DENIED**.

2. The Motion for Preservation of Evidence and Production of Arrest Records [DE 11] is

   **DENIED**.

3. The Motion to Add Next Friend For Purposes of Mail and Access to Courts [DE 13] is

   **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Jhonny Rafael Rodriguez Guevara, *Pro Se*
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073


Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov