UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60831-CV-DIMITROULEAS

JHONNY RAFAEL RODRIGUEZ GUEVARA,

     Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al*.,

     Respondents.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Petitioner Jhonny Rafael Rodriguez Guevara ("Petitioner")'s Motion to Alter or Amend Judgment and for Relief from Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (the "Motion"). [DE 16]. For the reasons that follow, the Motion is **DENIED**.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). While Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotations omitted).

And Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). "But a Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir 2024) (quotations omitted). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

Petitioner, through counsel, previously filed a Petition for Writ of Habeas Corpus and Request for Order to Show Cause challenging his detention by U.S. Immigration and Customs Enforcement. *See* Petition at 1, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Jan. 29, 2026), Dkt. No. 1. Petitioner argued that the application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and sought an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id*. at 19. Having considered the petition, the Court ordered an expedited response from respondents. *See* Order Requiring Expedited Response from Respondents at 1, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Jan. 30, 2026), Dkt. No. 5. After considering the petition and the response, and conducting a hearing on the petition on

February 12, 2026, the Court denied the petition— finding Petitioner was subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because he was present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See* Order Denying Petition for Writ of Habeas Corpus at 2, *Guevara v. Bondi, et al.*, Case No. 26-cv-60256-Dimitrouleas (S.D. Fla. Feb. 29, 2026), Dkt. No. 10 (citing *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026)).

Petitioner then filed the instant Petition, again challenging the legality of his immigration detention and seeking immediate release or an individualized bond hearing before an immigration judge. [*See* DE 1 at 7]. This Court summarily dismissed the Petition because Petitioner was not entitled to the relief he requested.  [DE 7 at 3].  Petitioner sought reconsideration of the Court's dismissal order pursuant to Rule 59 — reiterating the same substantive claim he raised in the Petition. [*See* DE 10 at 4]. The Court denied Petitioner's first motion for reconsideration.  [DE 15 at 4].

In the Motion, Petitioner seeks reconsideration, for the second time, of the Court's dismissal pursuant to Rules 59(e) and 60(b) — again reiterating the same substantive claim he raised in both the Petition and his first motion for reconsideration. — that newly discovered evidence demonstrates unlawful seizure in violation of the Fourth Amendment.  [DE 16 at 2–4]. As the Court explained twice, "[t]o the extent Petitioner alleges a Fourth Amendment violation in the instant Petition, the remedy for such violation is not Petitioner's immediate release from detention or an individualized bond hearing.  Even assuming Petitioner's Fourth Amendment rights were violated, 'evidence obtained in violation of the Fourth Amendment is ordinarily admissible in civil immigration proceedings.'" [DE 7 at 3 (citing *Batres-Garay v. U.S. Att'y Gen.*, 748 F. App'x 204, 210 (11th Cir. 2018)); *see also* DE 15 at 2].

3

Petitioner continues to attempt to litigate this closed case.  The Court thus warns Petitioner, that if he continues to file meritless motions in this closed case, the Court may impose  sanctions against him for vexatiously multiplying these proceedings.  Monetary sanctions may be imposed under 28 U.S.C. § 1927 if the Court finds Petitioner has multiplied these proceedings "unreasonably and vexatiously."  In the Eleventh Circuit, Section 1927 sanctions can be imposed against *pro se* parties.  *See In re Micon Devices, Inc.*, 638 B.R. 649, 654-55 (Bankr. S.D. 2021) *aff'd* 657 B.R. 897 (S.D. Fla. 2024).  The Court thus puts Petitioner on notice that a violation of this Order may result in the imposition of sanctions if the Court concludes that Petitioner failed to follow the Court's order in bad faith.  *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Motion to Alter or Amend Judgment and for Relief from Judgment [DE 16] is **DENIED**.

2.  All pending motions are **DENIED AS MOOT**.

3.  The clerk shall mail a copy of this order to petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Jhonny Rafael Rodriguez Guevara, *Pro Se*
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073


Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov